UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD G. TATUM,                    *
                                     *
            Plaintiff,               *
                                     *
v.                                   *          Civil Action No. 10-10716-JLT
                                     *
JAMES M. LEWIS, et al.,              *
                                     *
            Defendants.              *
                                     *

ORDER

August 11, 2010

TAURO, J.

        After reviewing Parties' submissions, this court hereby orders that <u>Defendant's Motion to</u>

<u>Dismiss and to Require Plaintiff to Obtain Leave of Court Before Filing a Complaint</u> [#13] is

ALLOWED.  The present Complaint represents Plaintiff's second attempt to have this court

revisit issues that the Probate and Family Court Department, Bristol Division, Bristol County,

Massachusetts, resolved by its April 22, 2009, Memorandum of Decision in <u>In re Estate of James</u>

<u>A. Tatum, Jr.</u>, Docket No. 04P-2152-AD.  And, as with Plaintiff's prior, substantially identical,

Complaint,[1] this court lacks subject matter jurisdiction over the current action.

        Plaintiff seeks relief from this court which is inconsistent with the underlying judgment of

the Probate Court.  Because Plaintiff's claims are, therefore, ancillary to the Probate Court's

judgment, the Probate Exception to Federal Jurisdiction deprives this court of subject matter

---

        [1]<u>See</u> <u>Tatum v. Sullivan, et al.</u>, 09-CV-12130-JLT, Docket No. 58.  Plaintiff did not appeal
this court's dismissal of the prior action, but rather filed the current Complaint.

jurisdiction.[2]  Accordingly, this case is DISMISSED WITH PREJUDICE as to all Defendants.

This case is CLOSED.

Plaintiff is prohibited from filing any further Complaints pertaining to the administration of his brother's estate without first obtaining leave of this court.

IT IS SO ORDERED.

 /s/ Joseph L. Tauro
United States District Judge

---

[2]See Munroe v. McGee, 478 F. Supp. 2d 110, 118 (D. Mass. 2007) (quoting In re Whatley, 396 F. Supp. 2d 50, 55 (D. Mass. 2005)).